# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| AEGIS THERAPIES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. |
| ) | 7:15-cv-02201-LSC |
| TECHOTA, LLC; TECHOTA LLC ) | |
| d/b/a CV HOME HEALTH OF BIBB ) | |
| COUNTY; TECHOTA LLC d/b/a ) | |
| CV HOME HEALTH SERVICES, ) | |
| ) | |
| Defendants. ) | |

## DEFENDANT/COUNTERCLAIM PLAINTIFF TECHOTA, L.L.C.'S ANSWER AND COUNTERCLAIMS

Defendant/Counterclaim Plaintiff Techota, L.L.C. ("Techota"), pursuant to Federal Rules of Civil Procedure, Rules 7(a)(2), 12, 13, and 81(c)(2)(C), submits its Answer to Plaintiff/Counterclaim Defendant AEGIS Therapies, Inc.'s ("AEGIS") Complaint (Doc. 1-1) and asserts its affirmative defenses and Counterclaims.

1.      Techota admits AEGIS does business in the state of Alabama. Techota is without sufficient information to admit or deny the remaining allegations in Paragraph No. 1 of the Complaint and therefore denies the remaining allegations in Paragraph No. 1 of the Complaint.

2. Techota admits it is an Alabama limited liability company that does business in Bibb County, Alabama.  Techota denies that CV Home Health of Bibb County and CV Home Health Services are Alabama limited liability companies.

3. Techota admits that it entered into an Outsourcing Therapy Services Agreement with AEGIS. Techota denies the remaining allegations in Paragraph No. 3 of the Complaint.

4. Techota admits that it contracted with AEGIS for AEGIS to prove licensed therapy services for physical therapy, occupational therapy, and speech and language pathology.  Techota denies the remaining allegations in Paragraph No. 4 of the Complaint.

5. Techota denies the allegations in Paragraph No. 5 of the Complaint.

## **COUNT ONE**

6. Techota adopts and reasserts as though fully set forth its responses to Paragraph Nos. 1 through 5 of the Complaint.

7. Techota admits it entered into a contract with AEGIS for outsourcing therapy services.

8. Techota denies the allegations in Paragraph No. 8 of the Complaint.

9. Techota denies the allegations in Paragraph No. 9 of the Complaint.

10. Techota denies the allegations in Paragraph No. 10 of the Complaint.

Techota denies AEGIS is entitled to any of the relief requested in the Prayer for Relief following Paragraph No. 10 of the Complaint and respectfully requests the Court enter judgment in favor of Techota, dismiss with prejudice AEGIS's Complaint, tax all Court costs against AEGIS, and award Techota attorney's fees as the prevailing party pursuant to the terms of its contract with AEGIS.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Techota denies all allegations in AEGIS's Complaint not explicitly admitted in this Answer and demands strict proof of those allegations.

### SECOND AFFIRMATIVE DEFENSE

Techota denies any contract exists between it and AEGIS.

### THIRD AFFIRMATIVE DEFENSE

To the extent any contract existed between Techota and AEGIS, it was terminable at will.

### FOURTH AFFIRMATIVE DEFENSE

AEGIS terminated the contract.

### FIFTH AFFIRMATIVE DEFENSE

Techota terminated the contract.

### SIXTH AFFIRMATIVE DEFENSE

AEGIS breached the contract with Techota.

## SEVENTH AFFIRMATIVE DEFENSE

AEGIS's claims are barred by the express written terms of the contracts at issue.

## EIGHTH AFFIRMATIVE DEFENSE

AEGIS's claims are barred by the doctrine of unclean hands.

## NINTH AFFIRMATIVE DEFENSE

AEGIS assumed the risk of injury.

## TENTH AFFIRMATIVE DEFENSE

Any injuries sustained by AEGIS were not foreseeable.

## ELEVENTH AFFIRMATIVE DEFENSE

AEGIS has not been damaged.

## TWELFTH AFFIRMATIVE DEFENSE

AEGIS's damages are limited by the terms of the contracts at issue.

## THIRTEENTH AFFIRMATIVE DEFENSE

Any damages incurred by AEGIS were proximately caused by third parties over whom Techota has no control.

## FOURTEENTH AFFIRMATIVE DEFENSE

AEGIS's damages are the result of a superseding or intervening cause.

## SIXTEENTH AFFIRMATIVE DEFENSE

Any damages claimed by AEGIS in this action resulted from acts, omissions

or events other than the alleged acts or omissions of Techota.

## SEVENTEENTH AFFIRMATIVE DEFENSE

AEGIS has failed to mitigate its damages. Alternatively, if AEGIS did mitigate its alleged damages, Techota is entitled to an offset.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Any damages incurred by AEGIS were proximately caused by third parties over whom Techota has no control.

## NINTEENTH AFFIRMATIVE DEFENSE

The choice of law provisions contained in the contracts at issue are unconscionable and unenforceable.

Techota reserves the right to amend its Answer to AEGIS's Complaint to raise any claims or additional defenses that may become available throughout the pendency of this litigation.

## **COUNTERCLAIMS**

Techota, pursuant to Federal Rules of Civil Procedure, Rule 13, hereby asserts the following Counterclaims against AEGIS:

## PARTIES

1.  Techota is an Alabama limited liability company that operates home health care agencies in the state of Alabama.

2.  Rubicon Research, Inc., a Tennessee corporation with its principal

place of business in the state of Tennessee, is the sole member of Techota.

3. AEGIS is a Delaware corporation, with its principal place of business in the state of Arkansas.

4. As Techota and AEGIS are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs, this Court has diversity jurisdiction over these Counterclaims.

## FACTS

5. Techota operates a home health care agency in Centreville, Alabama under the name CV Home Health of Bibb County ("CV Bibb").

6. Techota operates a separate home health care agency in Vance, Alabama under the name CV Home Health Services ("CV Services").

7. In early 2013, Techota began discussions with AEGIS regarding the possibility of Techota entering into a therapy services contract with AEGIS whereby CV Bibb and CV Services (collectively, the "Techota Agencies") would outsource therapy services to AEGIS.

8. During the course of discussing the potential contract, AEGIS represented that it wanted to be the sole source of therapy services for the Techota Agencies and that the Techota Agencies could reduce their payroll costs as they would not need to employ their own therapists going forward.

9. In reliance upon the representations made by AEGIS, the Techota

Agencies terminated the employment of their therapists and intended to rely upon AEGIS as their exclusive provider of therapy services.

10. On or about April 22, 2013, Techota entered into an Outsourcing Therapy Services Agreement with AEGIS whereby AEGIS agreed to provide therapy services to patients under the care of CV Services (the "Vance Contract").

11. On or about April 22, 2013, Techota entered into a separate Outsourcing Therapy Services Agreement with AEGIS whereby AEGIS agreed to provide therapy services to patients under the care of CV Bibb (the "Bibb Contract").

12. Pursuant to the terms of the Vance Contract and the Bibb Contract (collectively, the "Therapy Contracts"), AEGIS agreed to provide physical therapy, occupational therapy, and speech and language pathology services to the Techota Agencies.

13. For all patients referred to AEGIS, AEGIS agreed to respond within three days.

14. AEGIS also agreed it would provide complete and accurate documentation regarding therapy services rendered to the Techota Agencies' patients within specified timeframes.

15. Specifically, AEGIS agreed to provide Initial Assessments within three days of a first visit; Periodic Assessments within three days of visit; Plan of

Care within three days of Assessment visit; Clinical Notes within three days of visit; Periodic Summaries 14 days prior to the due date; and Discharge Summaries within three days of the last visit.

16. The documentation required under the contract was necessary to allow the Techota Agencies to seek reimbursement for services rendered from the various health maintenance organizations ("HMOs") that insure the Techota Agencies' patients.

17. AEGIS also agreed that it would comply with all payor coverage criteria and would provide access to any records necessary to obtain or validate reimbursement for services rendered or claimed.

18. AEGIS agreed it would provide the necessary staffing to service the Therapy Contracts and that its therapists would be licensed and receive orientation and training necessary to allow them to comply with all contractual provisions.

19. After the Therapy Contracts and took effect, the Techota Agencies began referring patients to AEGIS for therapy services.

20. AEGIS declined multiple patient referrals, and the Techota Agencies realized AEGIS did not have adequate staffing in the state of Alabama to service the Therapy Contracts.

21. Consequently, the Techota Agencies were forced to hire therapists to provide services for all patients for which AEGIS declined to provide services.

22. For the referrals that were accepted, AEGIS provided therapy services.

23. However, AEGIS's therapists routinely failed to provide documentation required under the terms of the Therapy Contracts.

24. The Techota Agencies repeatedly reminded AEGIS of the documentation requirements, but AEGIS's therapists continued to neglect the requirements and did not provide documentation in a timely manner.

25. As a result of AEGIS's failure to provide timely documentation regarding patient visits on numerous occasions, the Techota Agencies were unable to obtain reimbursement for services rendered from the HMOs that insure patients under their care.

26. Due to AEGIS's poor recordkeeping and failure to provide documentation in a timely manner, Techota was forced to hire a full-time auditor to review charts completed by AEGIS's therapists and correct problems with their work.

27. Over time, Techota realized that AEGIS's therapists were operating with virtually no supervision and did not have adequate equipment or office space to perform their needed jobs in an effective manner.

28. To address these problems, Techota had to lease and setup an office space for AEGIS's therapists and provided them with phones, copiers, and laptop

computers needed to perform their jobs.

29. Techota also hired a full-time employee for the purposes of supervising AEGIS's therapists.

30. During the term of the Therapy Contracts, Techota entrusted AEGIS's therapists with an anodyne wound care machine that could be used in conjunction with therapy to increase healing.

31. However, the wound care machine entrusted to AEGIS therapists was never returned to Techota upon the termination of the Therapy Contracts.

## COUNT ONE – BREACH OF CONTRACT

32. Techota adopts and reasserts as though fully set forth its allegations contained in Paragraph Nos. 1 through 31 of these Counterclaims.

33. Techota fully and completely performed its obligations under the Therapy Contracts.

34. AEGIS breached the Therapy Contracts by failing to (1) complete required documentation in a timely manner; (2) provide adequate staffing needed to service the Therapy Contracts; (3) properly train and supervise therapists to perform their duties under the Therapy Contracts; and (4) provide AEGIS's therapists with sufficient equipment and office space to allow them to perform their duties under the terms of the Therapy Contracts.

35. As a direct, proximate, and consequential result of AEGIS's breach of

the Therapy Contracts, Techota has incurred substantial damages, including lost profits, additional payroll costs, expenses associated with hiring an auditor to oversee and correct the work of AEGIS, and expenses incurred in providing equipment and office space to AEGIS's therapists.

WHEREFORE, Techota seeks compensatory damages, pre-judgment interest, post-judgment interest, attorney's fees, litigation costs, and any and all other costs associated with the prosecution of this claim.

### COUNT 2 – FRAUD

36. Techota adopts and reasserts as though fully set forth its allegations contained in Paragraph Nos. 1 through 35 of these Counterclaims.

37. During the course of negotiations that predated the execution of the Therapy Contracts, AEGIS falsely represented that it could serve as Techota's sole provider of therapy services and that it employed sufficient therapists in order to meet all of Techota's therapy needs.

38. AEGIS also falsely represented that its staff was well-trained, had all necessary equipment to provide therapy services, and would satisfy all the documentation requirements necessary for Techota to be reimbursed for services from the HMOs that insure patients under its care.

39. Techota reasonably relied upon Techota's misrepresentations to its detriment as it terminated the employment of its therapists and planned to use

AEGIS as its sole source for therapy services.

40. Techota has been severely and permanently damaged as a result of its reliance upon AEGIS's misrepresentations.

WHEREFORE, Techota seeks compensatory damages, pre-judgment interest, post-judgment interest, and all costs associated with this claim.

## COUNT 3 – SUPPRESSION

41. Techota adopts and reasserts as though fully set forth its allegations contained in Paragraph Nos. 1 through 40 of these Counterclaims.

42. AEGIS negligently, recklessly, or intentionally suppressed material facts from Techota by failing to disclose to Techota that (1) it intended service the Therapy Contracts with part-time employees; (2) AEGIS's therapists would be operating with no direct supervision by anyone located in the state of Alabama; (3) and AEGIS's therapists would not have sufficient equipment or office space to adequately perform their jobs.

43. AEGIS suppressed these material facts from Techota with the intent to deceive Techota and have Techota engage in actions to its detriment.

44. Techota, without knowledge of the suppressed material facts, reasonably acted to its detriment.

45. As a direct, proximate, and consequential result of AEGIS's suppression of material facts, Techota has been severely and permanently

damaged.

WHEREFORE, Techota seeks compensatory damages, pre-judgment interest, post-judgment interest, and all costs associated with this claim.

## COUNT 4 – NEGLIGENCE

46. Techota adopts and reasserts as though fully set forth its allegations contained in Paragraph Nos. 1 through 45 of these Counterclaims.

47. In order to allow AEGIS to perform its contractual duties, Techota entrusted AEGIS's therapists with an anodyne wound care machine.

48. AEGIS had a duty to ensure the wound care machine was not lost, stolen, or misplaced and would be returned to Techota upon the expiration of the contract.

49. AEGIS negligently breached the duty by failing to return the wound care machine to Techota upon the termination of the Therapy Contracts and failing to compensate Techota for costs associated with replacing the equipment.

50. As a direct, proximate, and consequential result of AEGIS's negligence, Techota has been unable to use the wound care machine to serve patient needs and has incurred costs associated with replacing the equipment.

WHEREFORE, Techota seeks compensatory damages, pre-judgment interest, post-judgment interest, and all costs associated with this claim.

## JURY DEMAND

Techota demands a trial by struck jury with respect to all claims and counterclaims asserted in this action.

DATED:  December 9, 2015.

                              Respectfully submitted,

                              By: **/s  *Bryan A. Grayson***
                              E. Britton Monroe (ASB-1454-O72E)
                              Bryan A. Grayson (ASB-8944-N65G)
                              Christopher D. Cobb (ASB-2805-B45C)
                              Attorneys for Defendant Techota, L.L.C.

**OF COUNSEL:**
LLOYD, GRAY, WHITEHEAD & MONROE, P.C.
2501 Twentieth Place South, Suite 300
Birmingham, Alabama  35223
(205) 967-8822
bmonroe@lgwmlaw.com
bgrayson@lgwmlaw.com
ccobb@lgwmlaw.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 9th day of December, 2015, a true and correct copy of the foregoing has been furnished either through the Court's electronic filing system or by U.S. Mail, postage prepaid, upon the following parties and other relevant individuals:

Foster D. Key, Esq.
KEY GREER HARRISON & CASEY
Post Office Box 360345
Birmingham, AL  35236-0345
*Attorney for Plaintiff*


                                **/s** *Bryan A. Grayson*

                                OF COUNSEL